IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BRENDA SATTERWHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:06-cv-165 |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| COMPANY, | § | Judge Mattice |
| | § | Magistrate Judge Carter |
| the LONG TERM DISABILITY PLAN | § | |
| FOR EMPLOYEES OF THE U.S. | § | |
| ENRICHMENT CORPORATION, and | § | |
| | § | |
| UNITED STATES ENRICHMENT CORP., | § | |
| | § | |
| Defendants. | § | |

REPORT AND RECOMMENDATION

I. Introduction

Plaintiff's motion for attorney's fees including a filing fee (Doc. 23) is pending before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B). Defendants respond in opposition based upon their contentions that Plaintiff was not a "prevailing party" and that Plaintiff cannot satisfy the five *King*[1] factors. For the reasons stated herein, it is RECOMMENDED plaintiff's motion for attorney's fees be GRANTED and plaintiff be awarded $16,933.00 in attorney's fees.

---

[1]*Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985).

1

## II. Background

The District Court had before it a Motion for Judgment on the Pleadings (Doc. 13) by which Plaintiff sought to have the Court overrule Defendants' decision to terminate her long-term disability benefits. For reasons set forth in detail in it's September 19, 2007 Memorandum and Order, the Court granted Plaintiff's Motion for Judgment on the Pleadings and remanded the case to Metropolitan Life Insurance Company ("MetLife") for a full and fair review of the administrative record. In so doing the Court found MetLife's benefit termination was arbitrary and capricious. Plaintiff now seeks attorney's fees pursuant to ERISA § 502(g)(1) (29 U.S.C. § 1132(g)(1)).

## III. Analysis

**I.      Entitlement to Attorney's Fees:**

In an action to recover ERISA benefits by a plan participant, "the court in its discretion may allow a reasonable attorney's fee . . . to either party." 29 U.S.C. § 1132(g)(1). This Circuit requires the district court to consider five factors in deciding whether to award attorney's fees: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons in similar circumstances; (4) whether the party requesting fees sought to confer a common legal benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. No single factor is determinative. *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998). *See also, Secretary of Dep't of Labor v. King,* 775 F. 2d 666, 670 (6th Cir. 1985).

Defendants argue Plaintiff has only secured a remand; she has not been found entitled to ongoing long-term disability benefits, and she may never be so found. Consequently, she "is not a prevailing party in the truest sense of the term." Defendants contend, absent some suggestion of bad faith in the record, any request for attorney's fees is premature. *Citing Ravesloot v. Administrative Comm. of Baxter Int'l, Inc.*, No. 03 C 8564, 2004 WL 1427101, at * 7 (N.D. Ill. June 24, 2004); *see Lawrence v. Westerhaus*, 749 F.2d 494, 495-96 (8th Cir. 1984) (upholding district court's denial of fees following remand of case to fiduciary to consider additional evidence).

On the other hand, Plaintiff refers to a Kentucky District Court opinion, *Elliott v. Metropolitan Life Ins. Co.*, 2007 WL 1558519 (E.D. Ky. 2007), that awarded fees in a case remanded for further review. Defendants argue a review of the case law reveals that the bulk of cases deciding this issue in similar remand situations have and continue to reach the contrary result. Defendant refers to a recent case, *Platt v. Walgreen Income Protection Plan,* No. 3:05-0162 Slip Op. at *5-6 (M.D. Tenn. Dec.14, 2006) in which the court held an award of fees was not warranted upon the Court's Order of remand. In that case, discussing the "relative merits of the parties' positions" factor, despite its finding that defendant's decision to deny benefits could not withstand arbitrary and capricious review, the *Platt* Court reasoned:

> [T]his factor alone does not carry sufficient weight to convince the Court that an award of attorney's fees is appropriate. The Court remanded the matter so that further medical evidence could be obtained and evaluated. The Court did not rule on the merits of Plaintiff's disability claim. There has been no determination that Plaintiff is entitled to long-term disability benefits. Thus, it is premature to award attorney's fees in Plaintiff's favor at this time. The court will deny Plaintiff's motion without prejudice to Plaintiff's re-filing of a motion for attorney's fees if she ultimately prevails in this Court on her disability claim.

*Id.* (citations omitted).

3

Defendants argue

> "the Court has made no finding to date on any substantive issue in this case or a ruling on the merits of Plaintiff's ERISA claim, and therefore Plaintiff may not assert that she succeeded on the merits of her claim before this Court." *Ganz*, 2002 WL 32993889, at *3; *see also Davis*, 176 F.R.D. at 227 (denying attorney's fees even after claimant was awarded benefits on remand because the case presented no significant legal questions, no bad faith, and no likelihood of deterrence). Until the substance of Satterwhite's claim for benefits is resolved, continues the Defendant's argument, the "relative merits" of this case cannot tip in her favor.

(Defendants' Response in Opposition at 8).

In reply, Plaintiff responds that this argument is simply misplaced, as courts around the country have found that an award of attorneys' fees is appropriate even where the remedy obtained is a remand to the claims administrator. Plaintiff then cites authority to support that view: In *Soltysiak v. UNUMProvident Corp*. 480 F.Supp.2d 970, 974 (W.D.Mich. 2007), the court agreed that where the plaintiff obtained a reversal of defendant's denial of benefits and an order requiring defendant to conduct a full and fair review of plaintiff's disability claim, an award of attorney's fees was appropriate. Plaintiff argues the underlying facts in *Soltysiak* are similar to her case: there was an arbitrary rejection of a claim of psychiatric disability based upon a non-examining psychiatrist's file review. *See also*, *Miller v. United Welfare Fund*, 72 F.3d. 1066, 1074 (2nd Cir. 1995); *Christian v. Dupont-Waynesboro Health Care Coverage Plan*, 12 F.Supp.2d 535 (W.D.Va.,1998) *Cook v. New York Times Co. Long-Term Disability Plan*, 2004 WL 203111 (S.D.N.Y. January 30, 2004); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 990 F.Supp. 1039, 1041 (N.D.Ill.1998), *vacated on other grounds,* 195 F.3d 975 (7th Cir.1999), (holding that an ERISA claimant

4

who merely had her claim remanded rather than having benefits awarded was a prevailing party who was entitled to attorney fees).

It appears to the undersigned that there is authority on both sides of this question. Some courts in weighing the *Schwartz/King* factors have found attorney's fees to be appropriate and in other cases not. The ERISA attorney's fee provision does not limit its application to "prevailing" parties. It merely provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Section 1132(g) "confers broad discretion on a district court in making the award of attorney's fees." *Sec'y of Dept. of Labor v. King,* 775 F.2d 666, 669 (6th Cir.1985). Nevertheless, the Sixth Circuit has noted that it would be "an abuse of discretion for the district court to award attorney's fees to a losing party." *Cattin v. General Motors Corp.,* 955 F.2d 416, 427 (6th Cir.1992) (quoting *Bittner v. Sadoff & Rudoy Indus.,* 728 F.2d 820, 829 (7th Cir.1984)). *See also Webb v. Cariten Ins. Co.,* 2006 WL 1976176, *4 (6th Cir.2006) (holding that award of attorney's fees to loser was abuse of discretion). Accordingly, some degree of success on the merits is generally required before a party is eligible for an award of attorney's fees. *See Ruckelshaus v. Sierra Club,* 463 U.S. 680, 682, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983) (holding that a plaintiff must achieve "some success on the merits" to be eligible for fees under the Clean Air Act); *Cattin,* 955 F.2d at 427 (noting with approval the Seventh Circuit's application of *Ruckelshaus* in an ERISA case). Nevertheless, there is no requirement that a party prevail entirely in order to be eligible for attorney's fees. *Douglas v. Evans Industries, Inc.,* 184 F.Supp.2d 636, 639 (E.D.Mich.2001) (plaintiff was prevailing party entitled to fees even though she obtained judgment for less than amount sought). In this case it appears Plaintiff clearly had a substantial level of success on the merits even if

5

benefits were not granted, so I will turn to an analysis of the five factors under *Schwartz* and *King*.

**(1) The degree of the opposing party's culpability or bad faith**:

An examination of the the District Court's Memorandum and Order (Doc. 20) reveals there was considerable culpability attached to Defendant in this case; whether this rises to bad faith is unclear but not necessarily determinative. As the district court in *Elliott v. Metropolitan Life Ins. Co.*, 2007 WL 1558519*3 (E.D. Ky 2007) noted, "[t]here is a distinction between culpability or bad faith, as evidence[d] by the inclusion of both terms and the presence of "or," but Defendant focuses almost exclusively on the alleged lack of bad faith in arguing that this factor does not weigh in favor of Plaintiff." (Brackets added). In this case, however, I agree with Plaintiff the level of culpability of Defendant is high, and I therefore conclude this factor weighs heavily in favor of Plaintiff.

In its Memorandum and Order, the Court finds MetLife's deliberation process and it's ultimate conclusion to be arbitrary and capricious for a number of reasons (Doc. 20, p. 11). The initial denial was not based on an appropriate review of Plaintiff's entire file. MetLife failed to attempt to obtain more information from Dr. Meyer or Plaintiff prior to issuing the first denial letter (Doc. 20, p. 12). MetLife's decision to ignore medical evidence readily available to it was arbitrary and capricious (Doc. 20, p. 13). MetLife's conclusion that there was a lack of medical evidence which would indicate a severity of symptoms, cognitive impairments, and specific restrictions or limitations that would prevent Plaintiff from performing the essential duties of any occupation was found to be arbitrary and capricious because MetLife based its decision on only a small portion of Plaintiff's medical records and faulted plaintiff for lack of information it had

not requested, as the Plan required (Doc. 20, p 15). The degree of culpability of Defendant's conduct can be gleaned from the conclusion of the District Judge:

> In summary, MetLife's initial denial of Satterwhite's disability benefits was arbitrary and capricious because the administrator revoked Satterwhite's benefits based on its review of only a limited portion of the file and because MetLife attempted to shift its burden to request necessary information to Satterwhite. On appeal, MetLife relied heavily on a single piece of dubious evidence, the report of a non-examining psychiatrist hired by MetLife itself. MetLife ignored the recommendations of Satterwhite's treating physician without justification. It declined to have her independently evaluated and inconsistently benefitted from her SSA award while declaring her not to be disabled. MetLife's ultimate conclusion that Satterwhite could return to work is without support in the record considering the quantity and quality of the medical evidence as a whole, the Court concludes that MetLife's revocation of benefits was arbitrary and capricious.

Although the Court directed remand rather than reversal, the culpability or blame lies heavily at the door of MetLife. This first factor weighs in favor of Plaintiff.

**(2) The opposing party's ability to satisfy an award of attorney's fees**:

Plaintiff argues MetLife is a large insurance company with a nationwide presence, that their capacity to pay an award of attorney's fees cannot seriously be doubted. Defendant does not contest this, but asserts it is of little consequence in the fee-shifting calculus (Doc. 25, p. 5; Doc. 28, p. 5). I conclude this factor weighs in favor of Plaintiff but is clearly not dispositive by itself and will have to be weighed along with the other *Schwartz* and *King* factors.

**(3) The deterrent effect of an award on other persons in similar circumstances:**

Even though the District Court did not award benefits to Plaintiff, requiring a remand to the administrator is itself a form of specific deterrence upon MetLife. Overcoming the arbitrary and capricious standard also provides a general deterrence to other insurance companies because

they will know that failure to provide a full and fair review could result in an award of attorney's fees. *See Elliott,* 20007 WL 1558519 at 3. This third factor weighs in favor of Plaintiff.

**(4) Whether the party requesting fees sought to confer a common legal benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA**:

This is an individual claim for benefits that relies on settled law. Plaintiff argues the case will insure continued compliance with settled law and this is perhaps so. However, since this case sought a private benefit and relied on settled law, this factor weighs in favor of defendant.

**(5) The relative merits of the parties' positions**:

Defendant here argues Plaintiff was not a prevailing party in the truest sense, having secured only a remand. As set out above, my review of the Memorandum and Order of the District Judge reflects not only that the decision of MetLife was arbitrary and capricious but the process followed by MetLife was so flawed that it reflected conduct that was highly culpable. Here Plaintiff was clearly the prevailing party, even though only remand was accomplished. Plaintiff's position was clearly more meritorious, having prevailed on an arbitrary and capricious standard. This District Judge pointed out several instances of conduct that failed to meet the arbitrary and capricious standard. There were serious flaws in the Plan's decision-making process and a lack of substantial justification for the Plan's position. For those reasons, I conclude the fifth factor, the relative merit of the parties' positions, weighs in favor of Plaintiff.

Upon review of all the *Schwartz* and *King* factors, I am satisfied that allowing Plaintiff reasonable attorney's fees and costs in this case is appropriate.

**II.     Amount of Attorney's fees:**

8

A party seeking attorney's fees under a federal fee shifting statute bears the burden to show he or she is entitled to the amount requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)*; Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). The fees requested should be documented, and, where they are not, the district court may reduce the award accordingly. *Id.* The award of attorney's fees is left to the district court's exercise of discretion within the appropriate parameters which are discussed below. *See Hensley*, 461 U.S. at 437; *Reed*, 179 F.3d at 469 n.2; *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997), *overruled in part by Pollard V.E. I. DuPont Nemours & Co.*, 532 U.S. 843 (2000) (holding front pay does not constitute compensatory damages and thus is not subject to the statutory cap on compensatory damages under 42 U.S.C. § 1981a(b)(3)).

Attorney's fees for successful litigants under federal fee shifting statutes are commonly calculated using the "lodestar" method of multiplying the number of hours reasonably expended by a reasonable hourly rate.[2] *Web v. Board of Educ. of Dyer County, Tenn.,* 471 U.S. 234, 242 (1985); *Hensley*, 461 U.S. at 433; *Adcock-Ladd v. Secretary of the Treasurer,* 227 F.3d 343, 349 (6th Cir. 2000); *Reed*, 179 F.3d at 471. The reasonableness of the hours expended and the attorney's hourly rate must be considered on a case by case basis. *Hensley*, 461 U.S. at 429.[3]

---

[2]The provision permitting the award of attorney's fees under ERISA is 29 U.S.C. § 1132(g), for the FLSA it is 29 U.S.C. § 216(b) and for the THRA it is Tenn Code Ann. § 4-21-306(a)(7).

[3] There are twelve factors which the district court may consider in determining the basic lodestar fee and whether to make adjustments thereto. *Reed*, 179 F.3d at 471; *see also Hensley*, 461 U.S. at 434 n. 9. These factors are:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community for the same type of work at issue. *Adcock-Ladd,* 227 F.3d at 350; *Reed*, 179 F.3d at 473. The "relevant community" for fee purposes is the legal community within the court's territorial jurisdiction. *Adcock-Ladd,* 227 F.3d at 350; *Hudson*, 130 F.3d at 1208. The "prevailing market rate" is that rate which lawyers of comparable skill and experience can reasonably expect to command within the relevant community. *Id.* That rate may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required. *Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986); *see also Adcock-Ladd*, 227 F.3d at 349 ("The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.") (citing *Reed*, 179 F.3d at 471). "Such fees are different from the prices charged well-to-do clients by the most noted lawyers and renowned law firms in a region. Under these statutes a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate." *Coulter*, 804 F.2d at 149; *see also Reed*, 179 F. 3d at 472 (same); *Hudson*, 130 F.3d at 1208 (same).

Factors particularly relevant to this case in determining whether the hours expended are reasonable include: the difficulty of the legal issues presented by the case, the skill requisite to perform the legal services properly, and the experience and ability of the attorneys. *See Hensley*,

---

and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed*, 179 F.3d at 472 n. 3; *see also Hensley*, 461 U.S. at 430 n.3.

461 U.S. at 430 n.3. Hours which are "excessive, redundant, or otherwise unnecessary," are not reasonably expended. *Id*. at 434.

While the lodestar method is the appropriate starting place for determining attorney's fees, the inquiry does not end there. *Id.* Other considerations may lead the district court to adjust the fee. *Id.* "'[T]he most critical factor' in determining the reasonableness of a fee award is 'the degree of success obtained.'" *Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (citing *Hensley*, 461 U.S. at 436); *Cramblit v. Fiske*, 33 F.3d 633, 635 (6th Cir. 1994). Where the purpose of the litigation is to recover damages, then the district court must consider the amount and nature of damages awarded when determining attorney's fees. *Farrar,* 506 U.S. at 115; *see also, Adcock-Ladd*, 227 F.3d at 349; *Cramblit*, 33 F.3d at 635. Where the plaintiff achieves only partial success against the defendant, the district court must consider whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461 U.S. at 434. Finally, federal fee shifting statutes do not provide for enhancements of fees in order to compensate for the risk of nonpayment when an attorney takes a case on a contingency basis. *City of Burlington v. Dague*, 505 U.S. 557 (1992) (federal fee shifting statutes which authorize a court to award "reasonable attorney's fees" to a "prevailing or substantially prevailing party" do not authorize fee enhancements for the purpose of compensating attorneys hired on a contingency basis for the risk of loss); *see also Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 381 (6th Cir. 1993) (No fee enhancement due counsel for taking a case which impinges significantly on a small practice's ability to take other cases); *Coulter v. Tennessee*, 805 F.2d 146, 149 n. 4 (6th Cir. 1986) ("In short, the lodestar figure includes most, if not all, of the relevant factors comprising a 'reasonable attorney's fee,' and it is unnecessary to enhance the fee for superior performance in order to serve the statutory purpose

11

of enabling plaintiffs to secure legal assistance") (citing *Pennsylvania v. Delaware Valley Citizen's Counsel for Clean Air*, 478 U.S. 711 (1986)).

Plaintiff makes the following claim for fees:

*1. Hours*

Plaintiff claims 52.4 attorney hours to be compensated at a rate of $295 per hour, or $15,458.00; 12.5 hours of paralegal time to be compensated at a rate of $90 per hour, or $1,125.00, plus the $350 filing fee paid to commence this action. This calculates to a total figure of $16,933.00. An affidavit of hours spent including the identity and qualifications of each attorney is attached to the brief in support of their motion.

*2. Market hourly rate*

Plaintiff asserts that $295 per hour is the reasonable market rate for representation in this case. Counsel further asserts the law firm's current published hourly rate is $325 and supports this with an attached affidavit of Eric Buchanan. (*See attached Exhibit A to the motion*). Counsel asserts this rate is not theoretical; *i.e.* the firm does have clients who are paying that rate. *Id. See also National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1326 (D.C. Cir. 1982) ("the actual rate that applicant's counsel can command in the market is itself highly relevant proof of the prevailing community rate"). However, Plaintiff does not seek fees against MetLife at a greater hourly rate than the $295/$90 per hour her contract of representation would call for should a *quantum meruit* value for services need to be calculated. *See attached Exhibit B to Plaintiff's Brief*.

Plaintiff submits in her brief that Social Security litigation is somewhat analogous to ERISA long term disability claims, as both involve federal court litigation, decided on written motions for judgment, restricted to the administrative record, concerning medical proof of

disability.  If anything, they argue, ERISA litigation is more involved in that it is apt to be more adversarial, as opposed to Social Security litigation where one party is an ostensibly neutral government agency.

Plaintiff points to a finding of this court over ten years ago, that an hourly rate of up to $200 per hour was reasonable for Social Security representation.  *See Green v. Apfel*, No. 1:96-cv-458 (E.D.Tenn. Dec. 10, 1998 (J. Powers).  The *Green* litigation was commenced in 1996, and the opinion cites older cases awarding $200 per hour in 1994.  *Id.* At 7.  Further, Plaintiff shows from January 1994 to August 2007, the consumer price index (CPI-U) rose from 146.2 to 207.9.  *See* ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt.  The same percentage increase would make a $200 per hour rate in 1994 $284 in 2007.

In light of the foregoing, the experience and qualifications of the attorneys for Plaintiff, the fact that Plaintiff agreed to the rate reflected in the agreement between herself and counsel and the fact that Defendant does not appear to contest the hourly rates sought, the requested rates of $295 per hour for attorney time and $90 per hour for paralegal time appear reasonable to the undersigned and are therefore approved along with the requested filing fee.

IV. Conclusion

For the reasons stated herein, it is RECOMMENDED that Plaintiff's motion for attorney's fees (Doc. 23) be GRANTED and that the Plaintiff be AWARDED attorney's fees in the amount of $16,933.00.[4]

                                                        *s/William B. Mitchell Carter*
                                                UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).